UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

UNITED STATES OF AMERICA,

      Plaintiff

vs.                                       Case No. 2:13-cr-00022 WTL-CMM

MOODY GADSDEN,

      Defendant

**<u>REPORT TO DISTRICT JUDGE—</u>**
**<u>PROPOSED FINDINGS OF FACT AND</u>**
**<u>CONCLUSIONS OF LAW AND RECOMMENDATION</u>**

A hearing was convened in this matter on June 22, 2015, on a Petition for Warrant or Summons for Offender Under Supervision filed May 9, 2014 [Doc. 9] as well as multiple supplements to the original filing:  Supplemental Petition for Warrant or Summons for Offender Under Supervision dated May 24, 2014 [Doc. 14]; Second Supplemental Petition for Warrant or Summons for Offender Under Supervision dated June 5, 2014 [Doc. 18]; Third Supplemental Petition for Warrant or Summons for Offender Under Supervision dated May 13, 2015 [Doc. 22].  A warrant was issued and the Defendant eventually taken into custody in Florida.  This matter was referred to the Magistrate Judge for hearing pursuant to 18 U.S.C. 3401(i) in an Entry and Order issued by The Hon. William T. Lawrence, U. S. District Judge, on May 13, 2014 [Doc. 11], as well as multiple referrals thereafter as the petitions were supplemented.

The Government appeared by Mary Ann Mindrum, Assistant United States Attorney; the Defendant, Moody Gadsden, appeared in person (in custody) and by court-appointed counsel, John A. Kesler II.

The Government and defense counsel advised the Court that the parties had reached an agreement on admission of certain violations and a proposed disposition. The Court advised the Defendant of his constitutional rights and the burden of proof with respect to the alleged violations. The Defendant answered preliminary questions to ascertain his ability to understand the proceedings. The Defendant was provided a copy of the Petition and waived his right to a preliminary hearing.

The parties then proposed a resolution of the matter by which the Defendant admitted the violations set forth in the original Petition, i.e., Violations 1, 2, and 3, inclusive, as well as the violations set forth in the Supplemental Petition, i.e., Violations 5, 6, and 7, inclusive. Specifically, the parties stipulated that the Defendant should serve nine months in the custody of the Bureau of Prisons and any further supervised release contemplated in the Defendant's original sentence should be voided. The Government would then dismiss Violations 4, 8, 9, and 10.

The Court finds that the Defendant, after being placed under oath, made a knowing, intelligent and voluntary admission of Violations 1, 2, 3, 5, 6, and 7, inclusive, with the advice of counsel. The Government and the Defendant stipulated to the revision of terms and conditions of release as described above.

The undersigned recommends to the Court adoption of the following Findings of Fact and Conclusions of Law:

**Findings of Fact**

1. The Defendant, Moody Gadsden, was sentenced on May 12, 2008, in the U. S. District Court for the Middle District of Florida on a charge of Conspiracy to Possess with Intent to Distribute a Detectable Amount of Cocaine Base. The original sentence included 41 months confinement and three years of supervised release. He was later transferred to the Southern District of Indiana for supervision on February 24, 2013 [See Doc. 2].

2. While on supervised release, the Defendant violated the terms of supervised release as follows:

 a. Failed to refrain from any unlawful use of a controlled substance;

 b. Failed to refrain from purchasing, possessing, using, distributing, or administering any controlled substance not prescribed by a physician;

 c. Failed to refrain from frequenting places where controlled substances are illegally sold, used, distributed or administered.

In this regard, the Defendant admitted to using cocaine as reflected on positive urine drug screens on January 13, February 7, April 21, and May 5, 2014.

3. The Defendant was under supervision of the U.S. Probation Office in the Southern District of Indiana on all dates on which the Original Petition or Supplemental Petitions were filed.

4. The Defendant admitted these allegations in open court, under oath, and after the advice of counsel.

5. The Defendant's actions violated the following terms of supervised release from the original sentence.

6. The Defendant's, by counsel, acknowledged that he had violated the terms of his supervised release and stated an understanding of the consequences of further violations. It is

clear that the Defendant used cocaine in violation of the terms of supervised release on multiple occasions while under supervision.

## Conclusions of Law

1.	The Court finds by a preponderance of the evidence that the Defendant violated the terms of supervised release on and after his release from the Bureau of Prisons and while under supervision of the U. S. Probation Office.

2.	The violations noted in the Findings of Fact under 2 (a) through (c) constitute Grade B or C violations under §7B1.1(b), *United States Sentencing Guidelines* (Chapter 7, Violations of Probation and Supervised Release).

3.	The Defendant's criminal history under §7B1.4(a) is Category II.

4.	Based upon these conclusions, the sentencing options for this Defendant include a range of imprisonment of six to 12 months based upon these findings and conclusions.  *See,* §7B1.4(a).

5.	Based upon these findings and conclusions, and consistent with the proposal of the parties, the Magistrate Judge recommends that the Defendant be sentenced to a term of nine months in the custody of the U.S. Bureau of Prisons.  The Magistrate Judge further recommends that supervised release be voided from the Defendant's original sentence.  Consistent with the Defendant's request, the Magistrate Judge recommends (but recognizes such recommendation is not binding on either the Bureau of Prisons or the District Judge) that the Defendant be incarcerated at a facility in the State of Florida (a location nearer to his family).  This recommendation is consistent with the agreement of the Government and the Defendant—an

agreement the Magistrate Judge recommends be accepted and incorporated in the disposition of this matter.

6. In reaching these conclusions, the Court has considered the factors set forth in 18 U.S.C. 3553(a)(1) [nature and circumstances of the offense and the history and characteristics of the defendant, here, the multiple violations of the terms of supervised release], (a)(2)(B) [affording adequate deterrence to criminal conduct, here, consideration of the defendant's multiple violations and disregard of reasonable rules of supervised release], (a)(2)(c) [to protect the public from further crimes of the defendant], (a)(2)(D) [not applicable], (a)(4), (a)(5) [not applicable here], (a)(6) [the need to avoid unwarranted sentence disparities among defendants with similar records], and (a)(7) [not applicable here].

7. Upon acceptance of these findings, conclusions and recommendation, the Magistrate Judge would further recommend dismissal of Violations 4, 8, 9, and 10 consistent with the parties' agreement.

## **Recommendation**

The undersigned recommends to the Court adoption of these Findings of Fact and Conclusions of Law and the revocation of the Defendant's supervised release and the imposition of term of incarceration of nine months.[1]  Supervised release following incarceration is not recommended.  Violations 4, 8, 9, and 10 should be dismissed.

---

[1] For purposes of time calculation, it is noted that the Defendant was arrested on a pending federal warrant on or about January 8, 2015, and was incarcerated until January 15, 2015, before release by authorities in the State of Florida.  The Government and the Defendant concur that this time in custody was directly related to the federal warrant.  (The Defendant was released, however, as a consequence of a misunderstanding in the Florida jurisdiction in which he was originally detained for throwing trash from his vehicle and subsequently held on the federal warrant.)  He was arrested in advance of this hearing on May 27, 2015, and has been detained since that time.

The Defendant is ORDERED detained pending the District Court's consideration of this recommendation.

Dated: June 25, 2015

_____
CRAIG M. MCKEE, Magistrate Judge
United States District Court
Southern District of Indiana

**Distribution to:**
Mary Ann Mindrum, U.S. Attorney's Office
John A. Kesler II
Robert J. DeCarli, U.S. Probation Office
Greg Snyder, U. S. Marshal's Office